UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DONTONIO KING,

        Plaintiff,

   v.

SUPERINTENDENT JAIMIE MILLER *et al.*,

        Defendants.

Case No. 2:24-cv-02123-CL

ORDER OF DISMISSAL IN PART

MCSHANE, Judge:

    Plaintiff Dontonio King, a self-represented litigant in custody at Snake River Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants, including the Oregon Department of Corrections ("ODOC"), improperly processed his legal mail in violation of his constitutional rights. (Compl. (ECF No. 2) at 4.) Before the Court is ODOC's Motion for Judgment on the Pleadings based on sovereign immunity. (ECF No. 21.) For the following reasons, the Court GRANTS the motion.

    Federal Rule of Civil Procedure ("Rule") 12(c) permits a motion for judgment on the pleadings. "[J]udgment on the pleadings is properly granted when, 'taking all the allegations in

1 – ORDER OF DISMISSAL IN PART

the pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)).

A Rule 12(c) motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss, and therefore "the same standard of review applies[.]" *Gregg*, 870 F.3d at 887 (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)). Pursuant to Rule 12(b)(6), a court may dismiss a complaint that fails "to state a claim on which relief can be granted" due to either "the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (simplified).

The Eleventh Amendment bars suit in federal court against either a state or an agency acting under its control absent a clear and equivocal waiver. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (explaining that absent waiver, "neither a State nor agencies acting under its control may 'be subject to suit in federal court'") (quoting *Welch v. Tex. Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 480 (1987)). Plaintiff raises claims against ODOC, a state agency, but the State of Oregon has not consented to be sued in federal court. *See Webber v. First Student, Inc.*, 928 F. Supp. 2d 1244, 1269 (D. Or. 2013) (noting that the Oregon Tort Claims Act "provides a limited waiver of . . . sovereign immunity for the torts of [State] officers, employees and agents" but does not waive immunity to suit in federal court). Accordingly, Plaintiff's claims against ODOC are barred by the Eleventh Amendment and must be dismissed.

///

///

2 – ORDER OF DISMISSAL IN PART

CONCLUSION

The Court GRANTS the Motion for Judgment on the Pleadings (ECF No. 21) and DISMISSES Plaintiff's claims against ODOC, with prejudice. The Court certifies that any appeal taken from this order would not be taken in good faith. *See* 28 U.S.C. 1915(a)(3); FED. R. APP. P. 24(a)(3)(A).

IT IS SO ORDERED.

DATED this 23rd day of October, 2025.

                                            s/Michael J. McShane
                                              Michael McShane
                                      United States District Judge